UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Florence Selvin
254 South Farragut Street
Philadelphia, PA 19139
                 Plaintiff

v.

United Collection Bureau, Inc.
5620 Southwyck Blvd., St. 206
Toledo, OH 43614and
and
X,Y,Z CORPORATIONS
                 Defendants

15 1988

Jury Trial Demanded

## COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction, and therefore obtains the benefit(s) of regularly transacting business in this jurisdiction.

3. Plaintiff resides in this jurisdiction.

4. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337 and 15 USC 1692k et. seq.

5. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

6. This matter is a non-core proceeding as that term is defined in 28 US.C. §157(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

8. The assets of this case may be construed as an asset of the Bankruptcy estate.

9. Plaintiff is Florence Selvin, an adult individual with a current address of 254 Farragut Street, Philadelphia, PA 19139.

10. Defendants are the following individuals and business entities.

    a.     United Collection Bureau, Inc., 5620 Southwyck Blvd., St. 206, Toledo, OH 43614.

    b.     X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: Violation of Fair Debt Collection Practices Act
## 15 USC 1692 et. seq.

11. All previous paragraphs of this complaint are incorporated by reference

12. At all times mentioned in this Complaint Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

13. At all times mentioned in this Complaint, Defendant was a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

14. At all times mentioned in this Complaint, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

15. The alleged consumer debt that Defendants were attempting to collect from Plaintiff was for Plaintiff's personal and household purposes.

16. Prior to the commencement of this action Defendant accessed Plaintiff's consumer report from Experian Information Solutions, Inc., a consumer reporting agency (CRA) as defined by 15 USC 1681a et. seq.

17. The Experian report that Defendant accessed pertaining to Plaintiff was a consumer report as defined by 15 USC 1681a and 1681b of the FCRA.

18. Defendant did have a permissible lawful purpose to obtain Plaintiff's consumer report.

19. When Defendant obtained Plaintiff's Experian consumer report, Defendant caused what is colloquially referred to as a "hard inquiry" to be made against Plaintiff's consumer report. A "hard Inquiry" occurs when the consumer's report is accessed in such a way as to appear that the consumer initiated the transaction. A "hard inquiry" is viewable by potential lenders, employers, insurers or other persons or entities who have a permissible purpose to access the consumer's report. A "hard inquiry" usually remains on a consumer's consumer report for 24 months from the date of the inquiry. A hard inquiry usually has a negative affect on a consumer's credit score.

20. A "soft inquiry" is where a person or entity accesses the consumer's consumer report in such a way that potential lenders, employers, insurers or other persons or entities having a permissible purpose to access the consumer's consumer report do not see the inquiry. A "soft" inquiry also does not affect the consumer's credit score.

21. Defendant's inquiry of Plaintiff' Consumer report was published and viewable on Plaintiff's consumer report to potential lenders, employers, insurers and other persons or entities that have a permissible purpose to obtain Plaintiff's consumer report for 24 months from the date of such inquiry.

22. It is believed and averred that the inquiry that occurred Defendant had a negative affect on Plaintiff's consumer report.

23. When Defendant accessed Plaintiff's consumer report, Defendant knew or should have known that the inquiry would be a "hard inquiry," and not a "soft inquiry" and Defendant knew the effect thereof.

24. Defendant had the discretion and ability to cause Plaintiff's consumer report to be accessed as a "soft inquiry" as opposed to a "hard inquiry."

25. Defendant had a duty to take reasonable measures so that Plaintiff's consumer report was not unnecessarily accessed as a "hard inquiry."

26. Defendant did not take reasonable steps to access Plaintiff's consumer report as a "soft inquiry" as opposed to a "hard inquiry."

27. Defendant behaved with reckless or conscious disregard for the manner and consequences in which it accessed Plaintiff's consumer report.

28. The natural consequences of how Defendant accessed Plaintiff's consumer report was to harass and oppress Plaintiff in violation of 15 USSC 1692d of the FDCPA.

29. The manner in which Defendant accessed Plaintiff's consumer report was unconscionable in violation 15 USC 1692f of the FDCPA.

## LIABILITY

30. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

31. At all times mentioned in this Complaint, Blatt, Hasenmiller, Leibsker & Moore LLC was acting as an agent of Defendant Portfolio Recovery Associates, LLC. Portfolio Recovery Associates, LLC is therefore liable for all of the above described FDCPA violations of Blatt, Hasenmiller, Leibsker & Moore LLC under the theory of agency and respondeat superior. See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

32. Any mistake made by Defendant would have included a mistake of law.

33. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

34. Ordinarily a claim pursuant to the FDCPA must be brought within one year of the date of the alleged violation pursuant to 15 USC 1692k et. seq.

35. The above time limitation is tempered by the judicially imposed discovery rule which says that the one year does not begin to run until the Plaintiff discovers the violation. See Mangum v. Action Collection Service, Inc., 575 F.3d 935 (9th Cir. 2009). Also see Serna v. Law Office of Joseph Onwuteaka, P.C., No. 12–20529, 2013 WL 5524698 F.3d (5th Cir. Oct. 7, 2013).

36. Plaintiff did not discovery alleged violation until on or after April 16, 2014 when she received a copy of her Experian consumer report in the mail. The Experian consumer report was mailed on or about April 14, 2014, but not sooner than April 14, 2016. The report was mailed form Texas to Pennsylvania by regular first class mail and would not have been received by Plaintiff until April 16, 2014 at the earliest.

## DAMAGES

37. All previous paragraphs of this complaint are incorporated by.

38. Plaintiff believes and avers that Plaintiff is entitled to at lease $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

39. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1692k, or other amount determine by this Honorable Court.

## ATTORNEY FEES

40. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

41. Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1692 k of the FDCPA.

42. Plaintiff believes and avers that the hourly rate for such attorney fees is $350.00 per hour or other rate that this Honorable Court may determine.

43. Plaintiff believes and avers that such attorney fees amount to no less than $1,225.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client, review of file | .5 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 1 |
| c. | Follow up contact with Defense and client | 2 |

$$3.5 \times \$350 = \$1,225$$

44. Plaintiff's attorney fees continue to accrue as the case moves forward.

45. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

46. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

47. Plaintiff seeks injunctive relief barring further unlawful collection activity.

48. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

49. Plaintiff requests / demands a jury trial in this matter.

50. Plaintiff demands fees and costs for prosecuting this action.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $2,226.00 as enumerated below, or such other amount as the Honorable Court deems just and fair.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,225.00 attorney fees

_____

$2,226.00

Plaintiff seeks such additional relief as the Court deems just and proper.

_____  4/15/15
Vicki Piontek, Esquire    Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com



Prepared for: **FLORENCE W SELVIN**
Date: **April 14, 2014**
Report number: **1042-1661-72**

Page 29 of 34

## Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

### Inquiries shared with others

The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit

- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

**These inquiries DO NOT affect your credit score.**

---

**UNITED COLLECT BUR INC**
PO BOX 140190
TOLEDO OH 43614
(800) 876 6729
Address identification number:
0040580923

**Date**
Jun 9, 2012
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Jul 2014.

### Inquiries shared only with you

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and we do not include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, such as:
- other creditors who want to offer you preapproved credit;

0241553025